**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

PETER JAMES LITTLE,

Petitioner-Appellant,

v.

JOE PROFIRI[*]; ATTORNEY GENERAL
FOR THE STATE OF ARIZONA,

Respondents-Appellees.

No.   18-15971

D.C. No. 2:06-cv-02591-FJM

MEMORANDUM[**]

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Argued and Submitted October 22, 2019
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and BADE, Circuit Judges.

Petitioner-Appellant Peter Little ("Little") appeals the denial of his Federal Rule

of Civil Procedure 60(b) motion seeking to reopen his federal habeas proceeding

---

[*]     Joe Profiri, Acting Director of the Arizona Department of Corrections,
is substituted for Charles L. Ryan.

[**]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

based on a change of law resulting from *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).[1]

Reviewing the denial for an abuse of discretion, *Delay v. Gordon*, 475 F.3d 1039, 1043 (9th Cir. 2007),[2] we affirm.

Rule 60(b)(6) permits a party to request relief from final judgment only in "extraordinary circumstances," *Lopez*, 678 F.3d at 1135, and "[s]uch circumstances 'rarely occur in the habeas context,'" *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).[3] A number of factors are to be considered, including: (1) the change in the law, (2) the petitioner's diligence in pursuing his claim for relief, (3) whether reopening would upset the parties' reliance interest in the finality of the case, (4) the delay between the finality of the judgment and the motion for relief, (5) the closeness of the relationship between the decision

---

[1] *Martinez* altered existing law by holding that ineffective assistance of counsel during initial-review collateral proceedings could establish cause for a prisoner's procedural default of a claim of ineffective assistance of trial counsel. 132 S. Ct. at 16–17.

[2] Although appellate courts "may, in their discretion, decide the merits of a Rule 60(b) motion in the first instance on appeal," *Lopez v. Ryan*, 678 F.3d 1131, 1135 (9th Cir. 2012) (internal citation omitted), we decline to exercise this discretion and review the district court's analysis for an abuse of discretion, which is the ordinary course of action.

[3] We agree with the district court that Little's *pro se* Rule 60(b) motion is not an unauthorized second or successive petition because although it reiterates and at times expands on his underlying ineffective assistance claim, the motion effectively only seeks relief from procedural default of his previously-asserted claims via *Martinez*. *See Gonzalez*, 545 U.S. at 532–33 & n.4.

governing the original judgment and the subsequent decision that represents a change in the law, and (6) comity. *Phelps v. Alameida*, 569 F.3d 1120, 1135–40 (9th Cir. 2009). These factors "do not present an exhaustive or mechanical list of considerations," but are "well-reasoned principles that should guide courts in exercising their discretion." *Id.* at 1140.

Although the magistrate judge and district court recognized that several of these factors weighed in favor of reopening, they ultimately concluded that in balancing the various interests, the lack of diligence and significant delay here outweighed the other concerns. This was not an abuse of discretion.

*Martinez* was decided in March 2012, but Little did not file his Rule 60(b) motion until January 2018. Little contends that he had been diligently—but mistakenly—pursing remedies in state court to exhaust this claim. However, only one of the petitions he filed in state court even mentions *Martinez*, and that was not filed until August 2015, nearly *three and a half years* after *Martinez* was decided. In contrast, this circuit's first opinion addressing *Martinez* on appeal from a denial of a Rule 60(b) motion was published in May 2012, only a couple of months after *Martinez* was decided. *Lopez*, 678 F.3d at 1133.

The delay factor considers the amount of time that has elapsed between "the finality of the [petitioner's] judgment and the motion for Rule 60(b)(6) relief."

*Phelps*, 569 F.3d at 1138 (internal quotation marks and citation omitted). This factor represents the simple principle that a "change in the law should not indefinitely render preexisting judgments subject to potential challenge." *Id.* The delay here between Little's habeas petition becoming final in 2009 and the motion for Rule 60(b) relief in 2018 is quite significant and *far* exceeds the shorter time frames this court has previously addressed. *See, e.g., Jones*, 733 F.3d at 840; *Lopez*, 678 F.3d at 1136.[4]

The Supreme Court has cautioned that a change in law by itself does not justify reopening, and that circumstances justifying Rule 60(b) relief "will rarely occur" in the habeas context. *Gonzalez*, 545 U.S. at 535–37. Little was not particularly diligent in pursuing his claim in either state or federal court following the *Martinez* decision, and the extreme delay between the termination of his initial habeas case and the filing of his Rule 60(b)(6) motion does not demonstrate the requisite "degree of promptness that respects 'the strong public interest in timeliness and finality.'" *Phelps*, 569 F.3d at 1138 (internal citation omitted).

**AFFIRMED.**

---

[4] The *Phelps* decision is too factually dissimilar to rely on for the delay issue because Phelps had filed an initial motion for reconsideration on identical grounds four months after his habeas petition became final, and this court treated his much later second motion for reconsideration as a *renewed* motion that related back to the first, and thus held there was only four months delay, which weighed strongly in his favor. 569 F.3d at 1138 & n.21.